(Pleito No. 89.—Fallado el 26 de Septiembre de 1900.)

## GARCÍA contra DÍEZ.

RECURSO contra sentencia dictada por el Tribunal de Distrito de Mayagüez.

RECURSOS. Un recurso ante este Tribunal basado en el artículo 1,690 de la Ley de Enjuiciamiento Civil, deberá presentarse en la forma correspondiente, sujeto á uno de los diversos casos comprendidos en dicho artículo.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á veinte y seis de Septiembre de mil novecientos, en el recurso de casación por infracción de ley que ante este Tribunal Supremo pende, interpuesto por Don José Leocadio García Sánchez contra sentencia dictada por el Tribunal de Distrito de Mayagüez en juicio de desahucio contra García, seguido por Don Antonio Díez.—Resultando : Que ante el Tribunal de Distrito de Mayagüez promovió Don Antonio Díez juicio de desahucio contra Don José Leocadio García, fundándolo en los siguientes hechos: Que Don Antonio Díez promovió ante el Juzgado de 1ª Instancia el procedimiento sumario con arreglo á la Ley Hipotecaria, contra Don José Leocadio García Sánchez para el cobro de dos mil quinientos pesos y sus intereses asegurados con hipoteca. Que seguido el procedimiento fué adjudicada la finca á Díez por las dos terceras partes de su justiprecio, y se le dió posesión judicial de ella. Que á pesar de la posesión dada al Díez no ha podido éste lograr que el García desaloje la casa que ocupa con su familia. Que García fué requerido con treinta días de anticipación, para desocupar la casa sin que lo efectuase, y como fundamentos de derecho adujo los artículos 1,559, 1,561 y 1,563 de la Ley de Enjuiciamiento Civil y las sentencias del Tribunal Supremo de España de diez y seis de Noviembre de mil ochocientos ochenta y cinco y treinta de Junio de mil ochocientos ochenta y siete. A la demanda acompañó certificación expedida por el Secretario del Tribunal de Distrito referido, de

la adjudicación y posesión de la finca discutida y las diligencias de requerimiento para que el demandado abandonase la finca. Resultando: Que contestada la demanda y practicada la prueba, en el período de ella reprodujo el demandante el documento presentado con su demanda acreditando además estar inscrita en el Registro de la Propiedad la adjudicación hecha á su favor, y el Tribunal de Distrito, por las consideraciones de que pueden promover el desahucio los que tengan la posesión real de una finca á título de dueño, conforme así lo preceptúa el artículo 1,562 de la Ley de Enjuiciamiento Civil ; y Don Antonio Díez González, actor en este juicio, ha traído como documento justificativo del derecho y acción que ejercita, una certificación expedida del Secretario de este Tribunal y debidamente inscrita en el Registro donde consta la adjudicación de la finca á favor del Sr. Díez, así como por virtud de otra certificación acompañada á la demanda, se acredita la posesión de la misma. Que habiendo acreditado por lo tanto el actor el dominio y posesion real de la finca, tiene la personalidad que requiere la Ley para ejercitar su acción de desahucio contra Don Leocadio García Sánchez que la ocupa, sin pagar merced alguna. Que el demandado nada ha justificado que destruya el derecho sustentado por el demandante, sin que tampoco haya título alguno que le dé derecho á disfrutar de la finca. Que procede el desahucio contra cualquier persona que disfrute ó tenga en precario una finca sin pagar merced, siempre que fuere requerida con un mes de anticipación para que la desocupe, declaró con lugar el desahucio y mandó á García á que en el término de ocho días desaloje la finca, condenándole en las costas.—Resultando : Que contra dicha sentencia que lleva fecha treinta de Enero último, se anunció en tiempo por la representación de García, Lcdo. Don Luis Campillo, recurso de casación por quebrantamiento de forma anunciándose á la vez el de infracción de ley, y denegados por aquel Tribunal ambos recursos y establecido el de queja ante este Tribunal Supremo se mandó admitir el

de infracción de ley; el que fundó el Lcdo. Don Rafael Palacios Rodríguez en la infracción del caso 3º del artículo 1,563 de la Ley de Enjuiciamiento Civil, porque fundándose la demanda en que el demandado disfrutaba de la casa en precario sin pagar merced alguna, el actor debió probar estè particular, lo cual no aparece de la lectura de autos, y estimando el recurso autorizado por el caso 1º del artículo 1,690 de la Ley de Enjuiciamiento Civil, cuyo recurso fué impugnado por el Letrado Don Antonio Alvarez Nava en el acto de la vista, á la que no asistió la representación del recurrente.—Vistos, siendo Ponente el Juez Asociado Don Rafael Nieto Abeillé.—Considerando : Que basándose el recurso en la impugnación que de la apreciación de las pruebas haya hecho el Tribunal sentenciador, es necesario para que el problema planteado pueda ser discutido que se cite como número que autorice el recurso el 7º del artículo 1,690, que es el que del error en la apreciación de las pruebas se ocupa ; y habiendo estimado el recurrente que en manera alguna se refiere á la infracción que alega, que su recurso está autorizado por el caso 1º del referido artículo, ha dejado de presentar la cuestión en la forma legal correspondiente para que este Tribunal pueda examinarla, por lo que debe declararse no haber lugar á resolverlo.—Considerando : Que procede imponer las costas al litigante cuyas pretensiones sean totalmente desestimadas.—Fallamos : Que debemos declarar y declaramos no haber lugar á resolver el presente recurso con las costas al recurrente ; y con certificación de esta sentencia que se insertará en la *Gaceta* de esta Isla, devuélvanse los autos al Tribunal sentenciador para lo que corresponda.— Así por esta nuestra sentencia definitivamente juzgando, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.— Rafael Nieto Abeillé.—Luís Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don Rafael

Nieto Abeillé, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á veinte y seis de Septiembre de mil novecientos.　E. de J. López Gaztambide, *Secretario.*